## IN THE FRANKLIN COUNTY
## COURT OF COMMON PLEAS
## CIVIL DIVISION

|  |  |  |
|---|---|---|
| **MICHAEL DARNELL**<br>5555 Dietrich Ave.<br>Orient, OH 43146 | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| | : | |
| v. | : | JUDGE |
| | : | |
| **OLD DOMINION FREIGHT LINE, INC.**<br>2885 Alum Creek Dr.<br>Columbus, OH 43207 | : | **Jury Demand Endorsed Herein** |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

NOW COMES Plaintiff Michael Darnell ("Plaintiff") and proffers this Complaint for damages against Defendant Old Dominion Freight Line, Inc. ("Defendant").

### THE PARTIES

1.      Plaintiff is a natural person residing in Pickaway County, Ohio.

2.      Defendant Old Dominion Freight Line, Inc. is a foreign corporation doing business in Franklin County, Ohio.

3.      At all relevant times, Plaintiff was an employee as that term is defined by the Ohio Civil Rights Act, R.C. § 4112.

4.      Defendant is an "employer" as defined by the Ohio Civil Rights Act, R.C. § 4112.

1

Case: 1:22-cv-00133-TSB Doc #: 3 Filed: 03/11/22 Page: 2 of 8 PAGEID #: 37
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Feb 01 3:21 PM-22CV000708
0F789 - R85

## JURISDICTION AND VENUE

5.      All counts contained herein are brought pursuant to the Ohio Laws of Discrimination, R.C. 4112.

6.      This Court has subject-matter jurisdiction because Plaintiff's claims arise under the laws of the State of Ohio.

7.      Venue is proper pursuant to Ohio R. Civ. P. 3 because Defendant's activities that gave rise to Plaintiff's claims for relief occurred in Franklin County, Ohio.

8.      Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Ohio Civil Rights Commission, a copy of which is attached hereto as "Exhibit A".

## FACTUAL BACKGROUND

9.      Plaintiff began working for Defendant in or around July of 2010 as a Truck Driver.

10.      Plaintiff has a strong performance history with Defendant as demonstrated by his consistent raises, four promotions, and numerous safe driving awards.

11.      During his 10-year employment with Defendant, Plaintiff has never failed a drug test or refused to take one.

12.      In or around 2016, Plaintiff was diagnosed with diabetes during a mandatory Department of Transportation physical examination.

13.      Because of his disability, Plaintiff's blood sugar levels are monitored every six months, and the results are reported to Defendant.

2

14.     Plaintiff is also subjected to yearly physical examinations because of his diabetes.

15.     Therefore, Defendant is aware that Plaintiff suffers from a disability.

16.     Defendant also administers random drug tests to its employees in accordance with its regular employment practices.

17.     On or about July 9, 2021, Plaintiff was randomly selected for drug testing.

18.     Because of Plaintiff's diabetes, which commonly affects the ability to urinate, Plaintiff was unable to urinate for the drug test. While he was attempting to urinate, he began bleeding rectally.

19.     The clinic doctors who were administering the drug tests on behalf of Defendant, noticed Plaintiff's bleeding and informed him that he should visit his primary care physician immediately.

20.     After Plaintiff expressed his concern that he could be terminated for failing to take the drug test, the clinic doctors assured him that his inability to take the test would be classified as a medical emergency and would report it to Defendant as such.

21.     The clinic doctors classified the matter as a medical emergency because Plaintiff was unable to urinate due to his medical condition and he left the clinic to obtain urgent medical treatment.

22.     Because Plaintiff was unable to urinate due to his medical condition, Defendant suspended him without pay.

23.     Because Plaintiff could not complete the drug test as a result of symptoms of his disability, he requested an alternative to a urine test, such as a blood test or hair follicle test.

Case: 1:22-cv-00133-TSB Doc #: 3 Filed: 03/11/22 Page: 4 of 8 PAGEID #: 39
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Feb 01 3:21 PM-22CV000708
0F789 - R87

24. Plaintiff requested these alternative tests on many occasions to HR Representative, Tina Stone; Supervisor, Shannon Phillips; Terminal Manager, Matt Dye; and Corporate HR Representative, Sherry Phillips.

25. Defendant continually denied Plaintiff's requests to complete a drug test alternative to a urine test, therefore refusing to accommodate Plaintiff's disability.

26. On or about July 21, 2021, Defendant terminated Plaintiff for alleged "refusal" to take the drug test on July 9, even though (a) it was classified as a medical emergency by clinic doctors, and (b) Plaintiff requested a reasonable accommodation to be drug tested via a different method, such as a blood or hair follicle test.

27. Defendant failed to accommodate Plaintiff's disability because it refused to administer any other type of drug testing that Plaintiff requested as an alternative to the urine test.

28. Defendant ignored information provided by Plaintiff's primary care physician as well as the drug testing clinic physicians and instead followed the determination of a medical review officer who classified Plaintiff's medical inability to urinate as a "refusal" to take the test despite Plaintiff's medical evidence.

29. Plaintiff did not "refuse" to take the drug test. He had a medical issue that physically prevented him from being able to complete the urine test.

30. Upon information and belief, Defendant's employees have been spreading false and defamatory rumors claiming Plaintiff did not complete the drug test because he had traveled to Las Vegas in the weeks before and speculated he had taken drugs on his trip.

0F789 - R88

Case: 1:22-cv-00133-TSB Doc #: 3 Filed: 03/11/22 Page: 5 of 8 PAGEID #: 40
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Feb 01 3:21 PM-22CV000708

31.     Such speculation demonstrates Defendant's complete disregard for Plaintiff's disability.

32.     Defendant violated R.C. 4112 by terminating Plaintiff shortly after he requested accommodations for his disability.

33.     Defendant discriminated against Plaintiff by refusing to accommodate his disability and by terminating him.

34.     The proffered reasons for Plaintiff's termination are untrue and pretextual.

### COUNT I
### Disability Discrimination – R.C. §4112.02

35.     At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

36.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

37.     Defendant knew Plaintiff was disabled and/or regarded him as disabled.

38.     Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

39.     Defendant denied Plaintiff's request for accommodation and terminated him rather than engaging in the interactive process to determine whether it could accommodate him.

40.     Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions:    terminating his employment, retaliating against him, denying his requests for reasonable accommodations, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

Case: 1:22-cv-00133-TSB Doc #: 3 Filed: 03/11/22 Page: 6 of 8 PAGEID #: 41
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Feb 01 3:21 PM-22CV000708
0F789 — R89

41.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

42.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

### COUNT II
### Failure to Accommodate- R.C. §4112.02

43.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

44.     At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. §4112.01.

45.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01

46.     Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded him as disabled.

47.     Plaintiff requested a reasonable accommodation for his disability when he asked Defendant to administer an alternative drug test.

48.     Such reasonable accommodations were possible for Defendant to provide without any undue hardship or burden.

49.     Defendant violated R.C. §4112.02 by failing to accommodate Plaintiff's disability, by retaliating against Plaintiff for seeking a reasonable accommodation, and by failing to engage in a good faith interactive process to

6

determine an objectively reasonable accommodation for Plaintiff's disability.

50.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

51.    Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT III
### R.C. 4112 – Retaliation

52.    Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten herein.

53.    Plaintiff engaged in a protected activity by, *inter alia*, requesting a reasonable accommodation for his disability.

54.    Defendant was aware that Plaintiff engaged in a protected activity, as he directly requested a reasonable accommodation from several of Defendant's employees and representatives.

55.    Once Plaintiff engaged in a protected activity, Defendant retaliated against him by terminating his employment, refusing to accommodate Plaintiff, and otherwise discriminating against him in the terms, privileges, and conditions of his employment.

56.    As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to, pain and suffering and the loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

Case: 1:22-cv-00133-TSB Doc #: 3 Filed: 03/11/22 Page: 8 of 8 PAGEID #: 43
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Feb 01 3:21 PM-22CV000708
0F789 - R91

57.     Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Peter G. Friedmann
Peter G. Friedmann (0089293)
(Pete@thefriedmannfirm.com)
Rachel Sabo Friedmann (0089226)
(Rachel@thefriedmannfirm.com)
Jamie R. Bailey (0099789)
(Jamie@thefriedmannfirm.com)
**The Friedmann Firm LLC**
3740 Ridge Mill Dr.
Hilliard, OH 43026
614-610-9756 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ Peter G. Friedmann
Peter G. Friedmann (0089293)

8